UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM CECKIEWICZ, ALICE
TKACHUK, and other others
similarly situated,

    Plaintiffs,                                    Case No. 08-12038

v.

                                                        Hon. John Corbett O'Meara

COMCAST CORPORATION, a
Pennsylvania corporation,

    Defendant.
_____/

**OPINION AND ORDER DENYING IN PART AND
GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's motion to dismiss, filed August 19, 2008. Plaintiffs filed a response on September 26, 2008; Defendant submitted a reply brief on October 10, 2008. The court heard oral argument on December 18, 2008, and took the matter under advisement. For the reasons set forth below, Defendant's motion is denied in part and granted in part.

**BACKGROUND FACTS**

Plaintiffs have filed a class action complaint against Comcast, alleging that the company failed to provide "continuous uninterrupted cable services, 24 hours per day." Plaintiffs allege that they have suffered frequent cable television picture and sound disruptions and that they were "not issued adequate credits, refunds or bill adjustments for cable television picture and sound disruptions." Amended Complaint at ¶ 19. Plaintiffs assert claims for breach of contract and unjust enrichment.

-1-

## LAW AND ANALYSIS

Defendant has moved to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiffs' breach of contract claim must be dismissed because Comcast is not obligated under the subscriber agreement to provide "continuous uninterrupted cable services, 24 hours per day." Defendant contends that the Plaintiffs' sole remedy for interrupted service under the contract is a pro-rata credit.

Plaintiffs do not, however, appear to be asserting an absolute right to uninterrupted cable service. Rather, Plaintiffs contend that they requested credits pursuant to the subscriber agreement with Comcast, but that Comcast refused to properly credit them. See Compl. at ¶ 19. The parties appear to agree that cable subscribers are entitled to pro-rata credits for service interruptions that are the responsibility of Comcast. Defendant suggests that Plaintiffs' complaint does not sufficiently state this claim because the complaint reads that Comcast failed to issue "adequate" credits, as opposed to issuing no credits at all. Defendant reads the complaint too narrowly, however. The complaint states that Plaintiffs were "not issued adequate credits, refunds or bill adjustments for cable television picture and sound disruptions." Amended Complaint at ¶ 19. This language is sufficient to state a claim for breach of the subscriber agreement and to give Defendant notice of Plaintiffs' claim. The court will deny Defendant's motion to dismiss as to the breach of contract claim.

Defendant also seeks dismissal of Plaintiffs' unjust enrichment claim. Defendant is correct that a plaintiff cannot recover for unjust enrichment where an express contract covers same subject matter. See Convergent Group Corp. v. Kent County, 266 F. Supp.2d 647, 661 (W.D. Mich. 2003) (under Michigan law, a contract is implied to avoid unjust enrichment only

where an express contract does not govern the same subject matter); Barber v. SMH (US), Inc., 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (1993) (same). The parties do not dispute that there is a contract that governs here. Accordingly, the court will dismiss Plaintiffs' unjust enrichment claim.

**ORDER**

IT IS HEREBY ORDERED that Defendant's August 19, 2008 motion to dismiss is DENIED IN PART and GRANTED IN PART, consistent with this opinion.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: December 23, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 23, 2008, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                Case Manager